## Albert Lang, Individually and as Trustee, Appellee, v. Jane A. Pettis et al., on appeal of William Pettis, Appellant.

### Gen. No. 21,849.

1. APPEAL AND ERROR, § 1751*—*when copies of record of judgment must be filed to prevent affirmance of judgment or dismissal of appeal.* Section 100 of the Practice Act (J. & A. ¶ 8637), providing that where on appeal copies of the record of judgment are not filed as required by the section the judgment appealed from shall be affirmed or the appeal dismissed on the filing by appellee of the certificate of the clerk, applies exclusively to appeals from final judgments and has no application or reference to appeals from interlocutory orders or decrees.

2. APPEAL AND ERROR, § 270*—*how appeals from interlocutory orders or decrees governed.* Appeals from interlocutory orders or decrees are exclusively governed by section 123 of the Practice Act (J. & A. ¶ 8661).

3. APPEAL AND ERROR—*when short record filed by appellee as basis for motion to dismiss appeal will be stricken.* A short record filed by appellee in the Appellate Court for the purpose of moving to dismiss the appeal will be stricken, whether the decree appealed from be interlocutory or final, where it appears that the short record was filed before the expiration of the time allowed for perfecting an appeal from a final judgment.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Appellee's short record stricken from the docket. Opinion filed January 27, 1916.

WILLIAM PETTIS and CHARLES A. FITCH, for appellant.

ELLIS & LEWIS, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

This matter comes up on the motion of appellee to dismiss this appeal for failure to file a complete record in apt time. It appears from the short record filed that an order was entered in the Circuit Court of Cook county on the chancery side in a cause entitled, *"Albert Lang, Individually and as Trustee, vs. Jane A. Pettis, et al.,"* by which it was decreed that the defendant, William Pettis, vacate a portion of the premises involved in the cause, and that a writ of assistance be entered forthwith directed to the sheriff, commanding him to oust said Pettis, and place the receiver in possession thereof, from which order said William Pettis appealed to this court; that on the 24th day of March, said Pettis filed his appeal bond. October 1, 1915, this short record was filed by the appellee for the purpose of moving the dismissal of the appeal on the ground that it was an interlocutory appeal, and no complete record had been filed in this court within the sixty days allowed by the statute. There is a fatal objection to appellee's motion. There is no provision in the statute which permits the filing of a short record for the purpose of dismissing an appeal, except in case of failure to file copies of records of judgments, orders and decrees appealed from within the time prescribed by section 100 of the Practice Act (J. & A. ¶ 8637), which relates exclusive-

ly to appeals from final judgments. The language of the provision is very explicit: "If copies of the record of judgments, orders and decrees appealed from shall not be filed within the time above allowed" (i. e. by the second day of the appropriate term), "and appellees shall thereafter file in said Supreme or Appellate Court, as the case may be, the certificate of the clerk, * * * the court shall affirm the judgment or dismiss the appeal as for want of prosecution."

This provision by its terms refers exclusively to appeals from final judgments and decrees, and has no application or reference to appeals from interlocutory orders or decrees which are governed by section 123 (J. & A. ¶ 8661). There is, moreover, a very sound reason for the distinction which the Legislature has made. Appeals from final judgments stay the enforcement of the judgment; appeals from interlocutory orders do not. It therefore follows that if an appeal from an interlocutory order is not perfected, the appellee is in no way harmed. If appellee is correct in concluding that the order appealed from was an interlocutory order, there was nothing in the statute which authorized him to file a short record and move the dismissal of the appeal. If, on the other hand, the order appealed from was a final order, appellees' action in filing such short record October 1, 1915, was not justified, because appellant's time to file his record had not then expired. Appellant did, moreover, file his short record on or before the second day of the term, and that cause, No. 21,903, is still undisposed of. The court will, therefore, on its own motion, strike from the docket the short record filed by appellee as No. 21,-849.

*Appellees' short record stricken from the docket.*